## PAUL R. BARKER *vs.* MILFORD P. NORTON.

After an action has been entered at the regular term of the Court, holden on the first *Tuesday* of *October*, and the defendant has appeared, and there have been several continuances without any saving of exceptions, and the writ is found to have been made returnable to the same court, to be holden on the *fourth Tuesday* of *October next*, it may be amended by striking out *fourth*, and inserting in its place *first*.

THE writ was dated *June* 17, 1837, served upon trustees the same day, and upon the defendant, *Aug.* 25, 1837, entered at the term of the C. C. Pleas, holden on the first *Tuesday* of *October*, 1837. The action was answered to at the first term, and no motion made or plea filed, and was continued from term to term, until the *January Term*, 1839, when the plaintiff's counsel filed a motion to amend the writ by striking out the word *fourth*, preceding the words *Tuesday* of *October* next, and inserting in its place the word *first*. To this motion for amendment, the counsel for the defendant objected, and moved that the writ may be quashed.

The parties agreed, that if the amendment be allowable, in the opinion of the Court, the cause should stand for trial, otherwise to be dismissed.

*J. Appleton*, for the defendant, contended, that the writ was returnable out of term, and *ipso facto* void, and not amendable. *Bunn* v. *Thomas*, 2 *Johns. R.* 190; *Burk* v. *Barnard*, 4 *Johns. R.* 309; *Bell* v. *Austin*, 13 *Pick.* 90; *Wood* v. *Hill*, 5 *N. H. Rep.* 229; *Bailey* v. *Smith*, 3 *Fairf.* 196.

*J. A. Poor*, for the plaintiff, contended, that the amendment under our statute was allowable. Both parties here were before the Court, and the case *Bell* v. *Austin*, cited for the defendant, is directly in our favor. *Bragg* v. *Greenleaf*, 14 *Maine R.* 395 ;

*Sawyer* v. *Baker,* 3 *Greenl.* 29; *Rule of Court,* 15. It is an unimportant amendment, as it was too late to make this objection after the action had been continued several times. *Trafton* v. *Rogers,* 13 *Maine R.* 315.

The opinion was drawn up by

WESTON C. J. — The time, when the defendant is to appear, is to be clearly and distinctly stated in the process. And if it is not, his failure to appear, does not justify any legal conclusion against him. *Bell* v. *Austin & al.* 13 *Pick.* 90. And it was there held, that in such case, the error cannot be cured by amendment. If, however, the defendant do appear, and interposes no objection to the regularity of process, the purpose of which is to bring him into court, it would seem not unreasonable to hold him to have waived the exception.

But however that may be, we think the error may be amended, after appearance and after a general imparlance. There is something to amend by. The time of holding the court, next after the date of the writ, is fixed by law; and if there is a misrecital of the time, and the defendant is not deceived or misled, but appears at the next court and there is a continuance, without any saving of exceptions, we are of opinion, that the error may be corrected. In the case cited, although the Court held it improper to amend, the defendant not having appeared, yet they say, " where the parties are before the Court, there seems to be no danger in giving to Courts great latitude of discretion, in the allowance of amendments."

*Amendment allowed.*